ELECTRONICALLY FILED
2019 Oct 25 PM 3:10
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000105

## IN THE FIFTH JUDICIAL DISTRICT
## DISTRICT COURT OF LYON COUNTY, KANSAS

| | |
|---|---|
| Holiday Holding, L.L.C., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. |
| | ) |
| GuideOne Insurance a/k/a GuideOne Specialty | ) |
| Mutual Insurance Company a/k/a GuideOne | ) |
| Mutual Insurance Company, | ) |
| | ) |
| and | ) |
| | ) |
| The Travelers Indemnity Company, | ) |
| | ) |
| Defendants. | ) |

Pursuant to K.S.A. Chapter 60

### PETITION

COMES NOW the Plaintiff Holiday Holding, L.L.C., ("Plaintiff") by and through its attorneys Justen P. Phelps and Nolan W. Wright of Gibson Watson Marino LLC, and for its causes of action against the above-named defendants states the following:

### Parties, Jurisdiction and Venue

1.      Plaintiff, Holiday Holding, L.L.C., is a Kansas corporation with its principal place of business located at 2700 W 30th, Emporia, Lyon County, Kansas 66801.

2.      Defendant, GuideOne Insurance a/k/a GuideOne Specialty Mutual Insurance Company a/k/a GuideOne Mutual Insurance Company ("GuideOne"), is a foreign for-profit corporation registered to provide insurance in the State of Kansas.  Under K.S.A. 40-218, GuideOne may be served in this matter with Summons and Petition by serving it at

Commissioner of Insurance, Attn: Legal Division, Kansas Insurance Department, 420 SW 9th Street, Topeka, KS 66612.

3.    Defendant, The Travelers Indemnity Company ("Travelers"), is a foreign for-profit corporation registered to provide insurance in the State of Kansas.  Under K.S.A. 40-218, Travelers may be served in this matter with Summons and Petition by serving it at Commissioner of Insurance, Attn: Legal Division, Kansas Insurance Department, 420 SW 9th Street, Topeka, KS 66612

4.    This Court has jurisdiction over the parties and subject matter of this action.  Venue is proper in Lyon County, KS, because the subject matter giving rise to the causes of action stated herein occurred in Lyon County, Kansas.

### Facts Common to All Counts

5.    Plaintiff owns and operates a senior care facility in Emporia, Kansas, under the name Holiday Resort.

6.    Plaintiff's Holiday Resort property spans approximately 22 acres and consists of multiple buildings, including a large nursing home, multiple independent living cottages, a clubhouse and a couple of other smaller office or maintenance structures.

7.    During the spring of 2018, there were multiple weather events in the Emporia area which produced hail.  As a result of these hailstorms, Plaintiff was concerned that the roofs of the structures on the Holiday Resort property were damaged and may need to be repaired or replaced.

8.    At the time the roofs were believed to have been damaged in the spring of 2018, Plaintiff's Holiday Resort property was insured through a policy with Defendant GuideOne.

Plaintiff therefore filed a claim with GuideOne for any loss due to hail damage during the policy period, which ran from March 25, 2015 through December 12, 2018.

9.      During GuideOne's investigation of the claim, they retained the services of Nelson Forensics to evaluate the condition of the roofs of the buildings on Plaintiff's Holiday Resort property. Nelson Forensics concluded that, as to the nursing home structure, there was hail damage present and that the roof covering needed to be recovered or removed and replaced due to it.

10.     Ultimately though, GuideOne denied Plaintiff's claim as occurring outside their policy period. GuideOne solely based their denial on the conclusion of Nelson Forensics that the hail damage on the roof of the nursing home occurred prior to approximately 2013.

### Count I – GuideOne's Breach of Insurance Contract

11.     The allegations contained in paragraphs 1–10 are incorporated herein by reference.

12.     From March 25, 2015 through December 12, 2018, Plaintiff maintained an insurance policy with GuideOne that provided for coverage of the roofs of its Holiday Resort buildings in the event they suffered hail damage. Plaintiff satisfied all policy premiums to the benefit of GuideOne.

13.     GuideOne was provided with ample evidence demonstrating that Nelson Forensic's conclusion that the hail damage occurred prior to approximately 2013 was faulty and incorrect. Despite that evidence showing that the hail damage occurred in the spring of 2018 and therefore within GuideOne's policy period, GuideOne denied Plaintiff's claim on July 8, 2019, and have refused to pay to recover or replace the hail-damaged roof of Plaintiff's nursing home.

14.     Under their insurance policy, GuideOne had an obligation to satisfy Plaintiff's claim.

15.     By denying the claim based on Nelson Forensic's faulty and incorrect conclusion as to the timing of the hail damage, GuideOne has breached its contractual obligations to Plaintiff.

## Count II – Travelers' Breach of Insurance Contract

16.     The allegations contained in paragraphs 1–15 are incorporated herein by reference.

17.     Prior to March 25, 2015, the date Plaintiff's insurance coverage began with GuideOne, Plaintiff insured their Holiday Resort property through a policy with Travelers. Plaintiff satisfied all policy premiums to the benefit of Travelers.

18.     After GuideOne denied Plaintiff's hail damage claim, Plaintiff made a claim with Travelers providing in support of the claim GuideOne's denial letter and Nelson Forensic's report asserting that the hail damage occurred prior to approximately 2013, which would have been during the Travelers policy period.

19.     On August 5, 2019, Travelers sent Plaintiff a letter denying the claim as occurring after their policy period, or in other words during the GuideOne policy period.  In essence, Travelers rejected the opinion of Nelson Forensics that the hail damage occurred prior to approximately 2013.

20.     Inasmuch as it is determined that Nelson Forensic's opinion is accurate and the hail damage occurred during Travelers' policy period, Travelers had an obligation to satisfy Plaintiff's claim for hail damage.  Travelers breached its contract with Plaintiff by sending a letter to Plaintiff on August 5, 2019 denying coverage for the loss sustained by Plaintiff.

## Count III – Travelers' Negligence

21.     The allegations contained in paragraphs 1–20 are incorporated herein by reference.

22.     On December 5, 2013, Plaintiff filed a hail damage claim with Travelers for hail damage occurring to the roofs of the Holiday Resort buildings on or around that same date.

23.     Travelers sent their claim representative Rich Reed to inspect the roofs of Plaintiff's buildings.  Based on that inspection, Travelers determined that the hail damage to Plaintiff's nursing home was minimal, only requiring seal patch for 4 hits and the repair and replacement of a power attic vent cover.

24.     Travelers had a duty to perform a thorough and competent inspection of the hail damage to the roof as part of their investigation of Plaintiff's claim.

25.     According to Nelson Forensic's analysis, hail damage occurred to Plaintiff's nursing home roof prior to approximately 2013 that has resulted in a need to repair or replace the entire roof.

26.     Inasmuch as Nelson Forensic's analysis is correct, Travelers breached their duty to thoroughly and competently inspect Plaintiff's roof during their investigation of the hail damage claim in 2013 by not determining at that time that the damage required a repair or replacement of the entire roof, not just four spots.

27.     Plaintiff reasonably relied upon Travelers' assessment of the extent of the hail damage to the roof in 2013.

28.     Plaintiff was injured by Travelers' breach because they were not able to repair or replace the full roof of the nursing home in 2013 when the hail damage purportedly occurred.

29.     Plaintiff was not able to reasonably ascertain Travelers breach or its injury until Nelson Forensics performed their forensic analysis of the roof and determined that the hail damage occurred prior to approximately 2013.

WHEREFORE, Plaintiff prays for the following:

A.     Actual and consequential damages due to GuideOne's breach of contract in an amount in excess of $75,000;

B.     Alternatively, actual and consequential damages due to Travelers' breach of contract and/or negligence in excess of $75,000;

C.     For the costs of this action;

D.     For Plaintiff's attorneys fees pursuant to K.S.A. 40-256 and K.S.A. 40-908; and

E.     For such other relief as the Court may deem equitable and just.

Respectfully submitted,

**GIBSON WATSON MARINO LLC**

By:   /s/ Justen P. Phelps
        Justen P. Phelps, SC #22670
        Nolan Wright, SC #27997
        301 N. Main, Suite 1300
        Wichita, Kansas  67202
        Telephone:  (316) 264-7321
        Facsimile:  (316) 264-8614
        justen@gwmks.com
        nolan@gwmks.com
        *Attorneys for Plaintiff*

## REQUEST FOR JURY TRIAL

COMES NOW, Plaintiff Holiday Holdings LLC, and requests trial of this matter by jury of twelve (12) members.

/s/Justen P. Phelps
Justen P. Phelps, #22670
justen@gwmks.com
*Attorney for Plaintiff*

**ELECTRONICALLY FILED**
2019 Oct 25 PM 3:10
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000105

Holiday Holding, L.L.C.

vs.

GuideOne Insurance et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

> **GuideOne Insurance**
> **c/o Commissioner of Insurance**
> **Kansas Insurance Department**
> **420 SW 9th Street**
> **Topeka, KS  66612**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Justen Peter Phelps
> 301 N. MAIN ST, STE 1300
> WICHITA, KS 67202

within 21 days after service of summons on you.

*Anna J Baslen*

Clerk of the District Court
Electronically signed  on 10/25/2019 03:18:35 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2019 Oct 25 PM 3:10
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000105

Holiday Holding, L.L.C.

vs.

GuideOne Insurance et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**The Travelers Indemnity Company**
**c/o Commissioner of Insurance**
**Kansas Insurance Department**
**420 SW 9th Street**
**Topeka, KS  66612**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Justen Peter Phelps
301 N. MAIN ST, STE 1300
WICHITA, KS 67202

within 21 days after service of summons on you.

*[signature]*

Clerk of the District Court
Electronically signed  on 10/25/2019 03:18:35 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2019 Oct 30 AM 10:30
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000105

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

Holiday Holding, L.L.C.                                    Case Number 2019-CV-000105

Plaintiff

VS.                                                                   District Court
                                                                      Lyon County
GuideOne Insurance a/k/a GuideOne                                     Emporia, Kansas
Specialty Mutual Insurance Company
a/k/a GuideOne Mutual Insurance Company

and

The Travelers Indemnity Company

Defendants

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on October 28, 2019, I received the Summons and Petition in the above captioned case. Service was not made upon The Travelers Indemnity Company for the reasons set forth below.

Pursuant to K.S.A. 40-218, service was not made and the documents were returned to the Clerk on October 28, 2019, for the following reasons:

**_40 days was not provided for answer on the Summons._**

**_$25 Service Fee not received._**



Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel

Holiday Holding, L.L.C.

vs.

GuideOne Insurance et. al.

**ELECTRONICALLY FILED**
2019 Oct 25 PM 3:10
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000105

**SUMMONS**

To the above-named Defendant/Respondent:

**The Travelers Indemnity Company**
**c/o Commissioner of Insurance**
**Kansas Insurance Department**
**420 SW 9th Street**
**Topeka, KS  66612**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Justen Peter Phelps
301 N. MAIN ST, STE 1300
WICHITA, KS 67202

within 21 days after service of summons on you.

*Anna J Basler*

Clerk of the District Court
Electronically signed  on 10/25/2019 03:18:35 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

**ELECTRONICALLY FILED**
2019 Oct 30 PM 2:52
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000105

Holiday Holding LLC

vs.

GuideOne Insurance, et al. et. al.

**ALIAS SUMMONS**

To the above-named Defendant/Respondent:

> **Guideone Mutual Insurance Company**
> **c/o Commissioner of Insurance**
> **Kansas Insurance Department**
> **420 SW 9th Street**
> **Topeka, KS  66612**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Justen Peter Phelps
> 301 N. MAIN ST, STE 1300
> WICHITA, KS 67202

within 40 days after service of summons on you.

*Anna J Baslen*

Clerk of the District Court
Electronically signed  on 10/31/2019 09:55:44 AM

**Documents to be served with the Summons:**
Petition

ELECTRONICALLY FILED
2019 Oct 30 PM 2:52
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000105

Holiday Holding LLC

vs.

GuideOne Insurance, et al. et. al.

## ALIAS SUMMONS

To the above-named Defendant/Respondent:

**The Travelers Indemnity Company**
**c/o Commissioner of Insurance**
**Kansas Insurance Department**
**420 SW 9th Street**
**Topeka, KS  66612**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Justen Peter Phelps
301 N. MAIN ST, STE 1300
WICHITA, KS 67202

within 40 days after service of summons on you.

*Anna J Baslen*

Clerk of the District Court
Electronically signed  on 10/31/2019 09:55:44 AM

**Documents to be served with the Summons:**
Petition

ELECTRONICALLY FILED
2019 Oct 30 AM 10:28
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000105

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

Holiday Holding, L.L.C.

Plaintiff

VS.

GuideOne Insurance a/k/a GuideOne
Specialty Mutual Insurance Company
a/k/a GuideOne Mutual Insurance Company

and

The Travelers Indemnity Company

Defendants

Case Number 2019-CV-000105

District Court
Lyon County
Emporia, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on October 28, 2019, I received the Summons and Petition in the above captioned case.  Service was not made upon The Travelers Indemnity Company for the reasons set forth below.

Pursuant to K.S.A. 40-218, service was not made and the documents were returned to the Clerk on October 28, 2019, for the following reasons:

***40 days was not provided for answer on the Summons.***

**$25 Service Fee not received.**



Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel

Holiday Holding, L.L.C.

vs.

GuideOne Insurance et. al.

**ELECTRONICALLY FILED**
2019 Oct 25 PM 3:10
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000105

**SUMMONS**

To the above-named Defendant/Respondent:

**The Travelers Indemnity Company**
**c/o Commissioner of Insurance**
**Kansas Insurance Department**
**420 SW 9th Street**
**Topeka, KS  66612**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Justen Peter Phelps
301 N. MAIN ST, STE 1300
WICHITA, KS 67202

within 21 days after service of summons on you.

*Anna J Basler*

Clerk of the District Court
Electronically signed  on 10/25/2019 03:18:35 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2019 Nov 06 PM 2:55
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000105

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

Holiday Holding LLC                              Case No.  2019-CV-000105

Plaintiff

VS.

GuideOne Insurance, et al. et. al.              District Court
                                                Lyon County
Defendant                                       Emporia, Kansas


I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on November 4, 2019, I received the Alias

Summons and Petition in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

GuideOne Mutual Insurance Company
c/o The Corporation Company
112 SW 7th Street Suite 3C
Topeka, KS  66603

DISPOSITION:  Clerk is to indicate final disposition on second copy and forward same to:  KANSAS COMMISSIONER

OF INSURANCE, 420 S.W. NINTH STREET, TOPEKA, KANSAS, 66612-1678.



IN WITNESS WHEREOF, I have hereunto set my hand and
affixed my Official Seal at the City of Topeka, this 4th day of
November, 2019.

Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

Holiday Holding LLC

Plaintiff

VS.

GuideOne Insurance, et al. et. al.

Defendant

Case No. 2019-CV-000105

District Court
Lyon County
Emporia, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on November 4, 2019, I received the Alias Summons and Petition in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

GuideOne Mutual Insurance Company
c/o The Corporation Company
112 SW 7th Street Suite 3C
Topeka, KS  66603

DISPOSITION:  Clerk is to indicate final disposition on second copy and forward same to:  KANSAS COMMISSIONER

OF INSURANCE, 420 S.W. NINTH STREET, TOPEKA, KANSAS, 66612-1678.

TO BE COMPLETED BY CLERK:

Dismissed _____
                                (Date)
Judgment for _____
                        (Plaintiff or Defendant)
Date _____

Amount of Judgment _____

_____
                    (Signature of Clerk)

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 4th day of November, 2019.

Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel

Holiday Holding LLC

vs.

GuideOne Insurance, et al. et. al.

**ELECTRONICALLY FILED**
2019 Oct 30 PM 2:52
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000105

**ALIAS SUMMONS**

To the above-named Defendant/Respondent:

> **Guideone Mutual Insurance Company**
> **c/o Commissioner of Insurance**
> **Kansas Insurance Department**
> **420 SW 9th Street**
> **Topeka, KS  66612**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Justen Peter Phelps
> 301 N. MAIN ST, STE 1300
> WICHITA, KS 67202

within 40 days after service of summons on you.

*Anna J Basler*

Clerk of the District Court
Electronically signed  on 10/31/2019 09:55:44 AM

**Documents to be served with the Summons:**
Petition

ELECTRONICALLY FILED
2019 Nov 12 PM 4:14
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000105

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

Holiday Holding LLC

Plaintiff

VS.

GuideOne Insurance, et al. et. al.

Defendant

Case No.  2019-CV-000105

District Court
Lyon County
Emporia, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on November 4, 2019, I received the Alias Summons and Petition in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Travelers Indemnity Company (The)
c/o Corporation Service Company
2900 SW Wanamaker Dr. Ste. 204
Topeka, KS  66614-4188

DISPOSITION:  Clerk is to indicate final disposition on second copy and forward same to:  KANSAS COMMISSIONER OF INSURANCE, 420 S.W. NINTH STREET, TOPEKA, KANSAS, 66612-1678.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 4th day of November, 2019.

Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

Holiday Holding LLC

Plaintiff

VS.

GuideOne Insurance, et al. et. al.

Defendant

Case No.  2019-CV-000105

District Court
Lyon County
Emporia, Kansas

     I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on November 4, 2019, I received the Alias Summons and Petition in the above captioned case.

     Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Travelers Indemnity Company (The)
c/o Corporation Service Company
2900 SW Wanamaker Dr. Ste. 204
Topeka, KS  66614-4188

DISPOSITION:  Clerk is to indicate final disposition on second copy and forward same to:  KANSAS COMMISSIONER

OF INSURANCE, 420 S.W. NINTH STREET, TOPEKA, KANSAS, 66612-1678.

TO BE COMPLETED BY CLERK:

Dismissed _____
              (Date)

Judgment for _____
          (Plaintiff or Defendant)

Date _____

Amount of Judgment _____

_____
         (Signature of Clerk)

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 4th day of November, 2019.

Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel

Holiday Holding LLC

vs.

GuideOne Insurance, et al. et. al.

**ELECTRONICALLY FILED**
2019 Oct 30 PM 2:52
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000105

**ALIAS SUMMONS**

To the above-named Defendant/Respondent:

**The Travelers Indemnity Company**
**c/o Commissioner of Insurance**
**Kansas Insurance Department**
**420 SW 9th Street**
**Topeka, KS  66612**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Justen Peter Phelps
301 N. MAIN ST, STE 1300
WICHITA, KS 67202

within 40 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 10/31/2019 09:55:44 AM

**Documents to be served with the Summons:**
Petition

ELECTRONICALLY FILED
2019 Nov 25 PM 4:44
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000105

## IN THE DISTRICT COURT OF LYON COUNTY
## STATE OF KANSAS

| | | |
|---|---|---|
| HOLIDAY HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 2019-CV-000105 |
| | ) | |
| v. | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT THE TRAVELERS INDEMNITY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

COMES NOW Defendant, The Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, and for it Answer and Affirmative Defenses to Plaintiff's Petition, states as follows:

### Parties, Jurisdiction and Venue

1.      Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

2.      The allegations of this paragraph state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading may be deemed required, Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

3.      The allegations of this paragraph state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading may be deemed required, Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

1

4.      The allegations of this paragraph state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading may be deemed required, the allegations of this paragraph are denied.

## Facts Common to All Counts

5.      Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

6.      Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

7.      Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

8.      Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

9.      Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

10.      Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

## Count I – GuideOne's Breach of Insurance Contract

11.      The answers to paragraphs 1-11 are incorporated herein by reference.

12.      The allegations of this paragraph are not directed at this defendant. To the extent an answer is deemed required, Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

2

13.     The allegations of this paragraph are not directed at this defendant. To the extent an answer is deemed required, Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

14.     The allegations of this paragraph are not directed at this defendant. To the extent an answer is deemed required, Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

15.     The allegations of this paragraph are not directed at this defendant. To the extent an answer is deemed required, Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

### Count II – Traveler's Alleged Breach of Insurance Contract

16.     The answers to paragraphs 1-15 are incorporated herein by reference.

17.     Admitted that Plaintiff insured their property through a policy with Travelers during some time prior to March 25, 2015, but Travelers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and so denies the same.

18.     Admitted that Plaintiff made a claim with Travelers, but Travelers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and so denies the same.

19.     Admitted.

20.     The allegations of this paragraph state legal conclusions to which no responsive pleading is required; to the extent a responsive pleading may be deemed required, the allegations of this paragraph are denied.

### Count III – Travelers' Alleged Negligence

21.     The answers to paragraphs 1-20 are incorporated herein by reference.

22.     Admitted that Plaintiff filed a claim for hail damage on or about December 5, 2013, but Travelers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and so denies the same.

23.     Admitted that Rich Reed inspected the roofs of Plaintiff's buildings and that Travelers' determinations were based in part on his inspections. The remaining allegations of this paragraph are denied.

24.     The allegations of this paragraph state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading may be deemed required, the allegations of this paragraph are denied.

25.     Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

26.     Denied.

27.     Travelers lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and so denies the same.

28.     Denied.

29.     Denied.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

For further answer and by way of affirmative defense, Travelers states as follows:

A.     Plaintiff's causes of action against this Defendant Travelers are barred by the applicable statute(s) of limitations at K.S.A. 60-511 and/or K.S.A. 60-513, because, if any alleged substantial injury allegedly caused by any act of Travelers occurred, which Travelers denies, it

occurred and became reasonably ascertainable more than five years prior to the date Plaintiff brought this action.

B.    Plaintiff's claims are barred by accord and satisfaction, payment, release, and waiver, because any obligation allegedly owed by Travelers to Plaintiff was satisfied by payment of the prior insurance claim mentioned in the Petition, which Plaintiff accepted as payment in full for covered losses under that claim.

C.    Plaintiff's claims should be barred or reduced by Plaintiff's own comparative fault and contributory negligence. Plaintiff was negligent in ways including but not limited to failure to identify or make a claim with respect to any additional alleged damage allegedly occurring during 2013 or a Travelers policy period, and other such negligence to be ascertained in discovery.

D.    Plaintiff's claims are barred by the doctrines of waiver and estoppel, for reasons including but not limited to that Plaintiff represented to Travelers that there were no additional losses subject to the prior 2013 insurance claim and that the inspections, handling and payment of that claim were competent and satisfactory.

E.    Plaintiff's claims are barred by laches.

F.    Plaintiff's claims are barred because they were not timely brought pursuant to the provisions of the applicable insurance policy.

G.    Travelers reserves the right to assert any additional defenses it has under contract or law not specifically stated herein.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant Travelers respectfully requests the Court to dismiss Plaintiff's Petition with prejudice, for its cost and attorney fees, and for such other relief as the Court deems just and proper under the circumstances.

BROWN & JAMES, PC

/s/ Timothy J. Wolf
Timothy J. Wolf, 26081
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 – Fax
twolf@bjpc.com
*Attorneys for The Travelers Indemnity Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system, this 25th day of November, 2019, on the counsel of record listed below.

Justen P. Phelps
Nolan Wright
Gibson Watson Marino, LLC
301 N. Main, Suite 1300
Wichita, KS 67202
justen@gwmks.com
nolan@gwmks.com
*Attorney for Plaintiffs*

/s/ Timothy J. Wolf

*21891866.1*

6

ELECTRONICALLY FILED
2019 Nov 25 PM 5:35
CLERK OF THE LYON COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000105

# IN THE DISTRICT COURT OF LYON COUNTY
## STATE OF KANSAS

| | | |
|---|---|---|
| HOLIDAY HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 2019-CV-000105 |
| | ) | |
| v. | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COMES NOW Timothy J. Wolf of the law firm of Brown & James, P.C., and hereby

enters his appearance on behalf of Defendant The Travelers Indemnity Company.

**BROWN & JAMES, P.C.**

/s/ Timothy J. Wolf
Timothy J. Wolf, 26081
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 – Fax
twolf@bjpc.com
*Attorneys for The Travelers Indemnity*
*Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served by the
Court's electronic filing system, this 25th day of November, 2019, on all counsel of record.

/s/ Timothy J. Wolf

1