IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HOLIDAY HOLDING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  19-CV-4116-JWB |
| | ) | |
| GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, and THE TRAVELERS INDEMNITY COMPANY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER**

Plaintiff has filed a motion to designate its expert witnesses out of time (ECF No. 54).  The amended scheduling order, entered on May 29, 2020, gave plaintiff a deadline of July 10, 2020, to disclose its expert witnesses.[1]  On July 21, 2020, defendant, GuideOne Specialty Mutual Insurance Company, indicated by e-mail it does not oppose the motion. Defendant, The Travelers Indemnity Company, hasn't opposed the motion.  For the reasons discussed below, the court grants plaintiff's motion.

---

[1] ECF No. 41.

O:\ORDERS\19-4116-JWB-54.DOCX

The court may grant an extension out of time upon a showing of excusable neglect.[2] Courts consider four factors to determine excusable neglect: (1) the reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) the length of the delay and its potential impact on judicial proceedings."[3] Excusable neglect is "a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[4]

As earlier indicated, the deadline for plaintiff to disclose any expert witnesses was July 10, 2020, and plaintiff failed to timely disclose. Plaintiff's counsel acknowledges that his failure to designate experts was an inadvertent error. Plaintiff's counsel explained, after a slowdown of work due to the COVID-19 pandemic, the past two months have been extremely busy. Additionally, counsel's paralegal, who assists with administrative duties, left and a new one was recently hired.[5]

The court sees no reason to question plaintiff's good faith in seeking relief, as the asserted reason that an inadvertent error was made appears to be genuine. Further, the experts plaintiff intends to disclose have been involved during the insurance claim process

---

[2] D. Kan. Rule 6.1(a); *YRC Worldwide, Inc. v. Zimmerman*, No. 09-2098-KHV, 2009 WL 10689839, at *1 (D. Kan. Nov. 3, 2009).

[3] *Id.*

[4] *Baker v. Promise Reg'l Med. Ctr.*, No. 10-CV-01257-KHV-DJW, 2012 WL 899265, at *2 (D. Kan. Mar. 16, 2012) (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd Partnership,* 507 U.S. 388, 392 (1993)).

[5] ECF No. 54 at 3.

preceding the case. The only retained expert, Eugene Robertson, previously provided his report as part of plaintiff's Rule 26 disclosures.[6]

As to the length of the delay and its impact on the proceedings, the court finds this factor also weighs in favor of an extension. Plaintiff's deadline was July 10, 2020, and plaintiff served its disclosures less than a week later, on July 16, 2020. Plaintiff filed the instant motion on July 17, 2020. This is a minor delay "in the context of the litigation proceedings as a whole."[7] Importantly, no trial date has been set in this case, and granting this extension will not unduly impact the proceedings in the case. Indeed, *not* permitting plaintiff to list an expert witness would have a more prejudicial impact on the case than granting this out-of-time extension. The court does not believe that plaintiff should be prevented from rectifying this procedural mistake under these circumstances.

IT IS THEREFORE ORDERED that plaintiff's motion is granted and the expert designation is deemed served.

IT IS SO ORDERED.

Dated July 23, 2020, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

---

[6] *Id.* at 2.

[7] *See Baker*, 2012 WL 899265, at *2 (finding a seven-week delay for designating an expert to be excusable neglect).